UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHELE QUIRK-BERMAN,

Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

Defendant.
_____________________________________)

**COMPLAINT**

The Plaintiff, MICHELE QUIRK-BERMAN ("QUIRK-BERMAN"), by and through her undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. QUIRK-BERMAN brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. QUIRK-BERMAN was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to QUIRK-BERMAN by LINA.

6. QUIRK-BERMAN was at all times material an employee of Delaware Valley Floral Group.

7. QUIRK-BERMAN was at all times material a plan participant under the TRUSTEE OF THE GROUP INSURANCE TRUST FOR THE EMPLOYERS IN THE WHOLESALE TRADE INDUSTRY Group Long Term Disability Insurance Policy, Group Policy Number VDT-961563 (the "LTD Plan"), issued by LINA, to which Delaware Valley Floral Group is a subscriber, and pursuant to which QUIRK-BERMAN is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, QUIRK-BERMAN is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as

required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> The Insurance Company will require proof of earnings and continued Disability.

13. Since approximately September 17, 2014, QUIRK-BERMAN has been disabled under the terms of the LTD Plan.

14. After becoming disabled, QUIRK-BERMAN made a timely claim to LINA under the LTD Plan for disability benefits.

15. By letter dated April 2, 2015, LINA denied QUIRK-BERMAN's claim for benefits.

16. QUIRK-BERMAN timely and properly appealed LINA's April 2, 2015 denial of LTD benefits.

17. By letter dated December 28, 2015, LINA affirmed its previous decision to deny QUIRK-BERMAN's LTD claim for disability.

18. At all relevant times, QUIRK-BERMAN complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, solely because of injury or sickness, QUIRK-BERMAN has been unable to perform the material duties of her regular occupation.

20. At all relevant times, solely because of injury or sickness, QUIRK-BERMAN has been unable to earn 80% or more of her indexed earnings from working in her regular occupation.

21. At all relevant times, QUIRK-BERMAN has been under the regular care of a doctor.

22. At all relevant times, QUIRK-BERMAN was a Covered Person under the LTD Plan.

23. From March 17, 2015 through the present date, QUIRK-BERMAN has not received benefits owed to her under the LTD Plan, despite QUIRK-BERMAN's right to these benefits.

24. LINA has refused to pay QUIRK-BERMAN's LTD benefits.

25. At all relevant times, LINA was the payer of benefits.

26. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, LINA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, QUIRK-BERMAN has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

29. QUIRK-BERMAN has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. QUIRK-BERMAN incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), QUIRK-BERMAN, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. QUIRK-BERMAN has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her disability benefits.

34. QUIRK-BERMAN has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to QUIRK-BERMAN at a time when LINA knew, or should have known, that QUIRK-BERMAN was entitled to those benefits under the terms of the LTD Plan, as QUIRK-BERMAN was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of QUIRK-BERMAN's claim for LTD benefits;

(c) After QUIRK-BERMAN's claim was terminated in whole or in part, LINA failed to adequately describe to QUIRK-BERMAN any additional material or information necessary for QUIRK-BERMAN to perfect her claim, along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of QUIRK-BERMAN's disability claim and failed to provide a full and fair review of QUIRK-BERMAN's claim.

36. QUIRK-BERMAN believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which QUIRK-BERMAN is presently unaware, but which may be discovered in this future litigation and which QUIRK-BERMAN will immediately make LINA aware of once said acts or omissions are discovered by QUIRK-BERMAN.

37. Following the termination of benefits under the LTD Plan, QUIRK-BERMAN exhausted all administrative remedies required under ERISA, and QUIRK-BERMAN has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of LINA, QUIRK-BERMAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding QUIRK-BERMAN's claim for benefits, QUIRK-BERMAN, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), QUIRK-BERMAN is entitled to have such fees and costs paid by LINA.

40. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, QUIRK-BERMAN is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, MICHELE QUIRK-BERMAN prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 26, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com